Case 2:19-cv-00323   Document 81   Filed on 09/17/21 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES SCHORSCH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-323 |
| | § | |
| ISAAC KWARTENG, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff James Schorsch, proceeding *pro se*, has filed this prisoner civil rights action. Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. Pending before the Court is Plaintiff's motion for a temporary restraining order (TRO) and/or a preliminary injunction. (D.E. 70). For the reasons discussed below, the undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

### I.   BACKGROUND

Plaintiff originally sued the following McConnell Unit officials in this action: (1) Assistant Warden Gene Miller; (2) Warden Richardson; (3) Assistant Warden Daniel Fernandez; and (4) Senior Practice Manager Tanya Lawson. (D.E. 1, 5). Plaintiff claimed that Defendants' failure to enforce his special medical housing restriction constituted

deliberate indifference to his health and safety in violation of Plaintiff's Eighth Amendment rights. Plaintiff sought injunctive relief in the form of preventing prison officials from violating his "prescribed medical housing."

The undersigned conducted a *Spears*[1] hearing on December 11, 2019. In a Memorandum and Recommendation issued on January 24, 2020 (January 24, 2020 M&R), the undersigned construed Plaintiff's Eighth Amendment claim as a "failure to protect' claim and recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim for relief and/or as frivolous. (D.E. 12, pp. 6-9).

Plaintiff filed objections to the January 20, 2020 M&R, reiterating that prison officials at the McConnell Unit have continuously violated his special housing restriction since his arrival at the unit on January 30, 2018, by placing in his cell general population inmates with no handicap conditions. (D.E. 14, p. 2). Plaintiff further stated that, since the day of the *Spears* hearing, his special housing restriction has been removed. (D.E. 14, p. 4). Plaintiff primarily objected to the undersigned's characterization of his claim as a "failure to protect" claim. (D.E. 14, p. 4). He argued instead that his deliberate indifference claim "is about the intentional interference with a prescribed special medical housing restriction." (D.E. 14, pp. 4-6).

On April 1, 2020, United States District Judge Nelva Gonzales Ramos issued an order directing Plaintiff to file an amended complaint so that he could present additional facts to support the deliberate indifference claim he seeks to raise. (D.E. 16). Plaintiff filed his amended complaint on May 4, 2020, in which he also raises retaliation and ADA

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

claims. (D.E. 19). Plaintiff names as defendants in his amended complaint Assistant Warden Miller, Practice Manager Lawson, and Dr. Kwarteng. Plaintiff seeks injunctive relief.

The undersigned conducted a second *Spears* hearing on June 10, 2020. In an Amended Memorandum and Recommendation (August 11, 2020 AM&R) issued on August 11, 2020, the undersigned recommended that: (1) Plaintiff's retaliation claim be retained against Dr. Kwarteng in his official capacity for injunctive relief only; (2) Plaintiff's ADA claim be retained against the TDCJ; and (3) Plaintiff's claims against the remaining defendants be dismissed with prejudice for failure to state a claim and/or as frivolous. (D.E. 24). The undersigned ordered service of Plaintiff's complaint and amended complaint on Dr. Kwarteng and the TDCJ. (D.E. 25).

On September 29, 2020, Judge Ramos adopted the August 11, 2020 AM&R. (D.E. 34). On October 26, 2020, the TDCJ filed a Motion to Dismiss. (D.E. 35). On January 7, 2021, the undersigned issued a Memorandum and Recommendation, recommending that the TDCJ's Motion to Dismiss be denied. (D.E. 39). District Judge Ramos subsequently adopted the January 7, 2021 M&R. (D.E. 79).

The undersigned construes Plaintiff's motion as generally seeking preliminary injunctive relief. Plaintiff states that, in March 2021, McConnell Unit Security Officer Megan Thompson impeded his ability to do legal research on this case as well other cases filed by Plaintiff. (D.E. 70, p. 1). After Plaintiff filed a grievance against Thompson, she retaliated by bringing a major disciplinary case against Plaintiff for causing a disturbance. (D.E. 70, p. 1). Plaintiff claims that Thompson has adversely impacted his ability to

access the courts and has violated his First Amendment rights by retaliating against him. Plaintiff seeks preliminary injunctive relief in the form of stopping any further actions of retaliation or denial of access to the courts. (D.E. 70-1, p. 2).

## II. DISCUSSION

To obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

Plaintiff's motion fails to warrant the extraordinary remedy of a preliminary injunction. First, Plaintiff raises new allegations of retaliation and denial of access to the courts that arose after the events described in his amended complaint. These new allegations involve incidents separate and distinct from the claims set forth in his amended complaint. He has failed to present any arguments or evidence to demonstrate a likelihood of success on the merits of those claims retained in this case. *Sepulvado*, 729 F.3d at 417.

Moreover, Plaintiff has failed to demonstrate a substantial threat of an irreparable injury. Plaintiff has neither alleged specific facts nor presented evidence to show how Thompson's conduct has impeded his ability to litigate the claims in this case. His conclusory allegations of potential harm do not amount to a constitutional violation. In the absence of such a violation, federal courts are reluctant to interfere in the internal affairs of the McConnell Unit. *See Richie v. UTMB Hospital Galveston*, No. 2:12-CV-322, 2012 WL 12871940, at *2 (S.D. Tex. Oct. 18, 2012) (citing *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988)).

### III.   RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's motion for a TRO and/or preliminary injunction, construed as seeking preliminary injunctive relief (D.E. 70), be **DENIED**.

Respectfully submitted this 17th day of September, 2021.

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Jason Libby
　　　　　　　　　　　　　　　　　　　　　　　　　Jason B. Libby
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).